**David and Donna AMBLING, et al., Plaintiffs,**

**v.**

**BLACKSTONE CATTLE COMPANY, INC., an Illinois corporation; James D. Scott; T.L. Morrison; James M. Livergood; and Stephen J. Schlegel, Defendants.**

No. 86 C 6485.

United States District Court, N.D. Illinois, E.D.

Jan. 8, 1987.

Eugene R. Wedoff, Jenner & Block, Chicago, Ill., for plaintiffs.

Donald L. Johnson, Kurt D. Baer, Chicago, Ill., for Schlegel.

## ORDER

BUA, District Judge.

This court denies defendants' motion to dismiss plaintiffs' Complaint.

Count I of the Complaint alleges a violation of § 12(2) of the Securities Act of 1933. 15 U.S.C. § 77*l*. Section 12 imposes civil liability upon any person who makes an untrue statement of material fact in the offer or sale of a security. Count II alleges a violation of § 10(b) of the Securities Act of 1934, 15 U.S.C. § 78j and Rule 10(b)(5). Section 10(b) and Rule 10(b)(5) provide a person a private right of action to seek damages for fraud or material misstatements in connection with the purchase or sale of a security. The remaining counts are pendent state claims.

The statutory limitation period for a violation of § 12(2) of the 1933 Securities Act is one year from the discovery of the violation, but no more than three years after the security was sold. 15 U.S.C. § 77m. The statutory limitation period for a violation of § 10(b) of the 1934 Act is not defined by federal statute. Instead, the limitation period is controlled by the forum state. *Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 210 n. 29, 96 S.Ct. 1375, 1389 n. 29, 47 L.Ed.2d 668 (1976). Illinois is alleged to be the forum state for this action. In Illinois, the three-year statute of limitation contained in § 13 of the Illinois Securities Law Ill.Rev.Stat. ch. 121½, ¶ 137.13, subd. D, applies to actions brought under § 10(b) of the 1934 Act and Rule 10(b)(5). *Schaefer v. First National Bank of Lincolnwood*, 509 F.2d 1287, 1295 (7th Cir. 1975).

Plaintiffs' Complaint was filed on August 28, 1986. Therefore, the statutory limitation period must have begun running prior to August 28, 1983 for plaintiffs' securities claims to be time-barred.

The fundamental dispute revolves around the date the limitation period began running. All parties agree that the limitation period began running upon the "sale" of the security. However, the opposing parties present conflicting views of the sale date.

Defendants argue that the sale date was the date plaintiffs parted with the final payment necessary to obtain title to their limited partnership interest. That date is allegedly more than three years before the Complaint was filed. Hence, defendants contend that plaintiffs' Complaint is time-barred. In contrast, plaintiffs argue that the securities sale was not completed until the date that the partnership was formed and plaintiffs received the limited partnership interest for which they paid. Plaintiffs allege that the sale date was September 1, 1983, less than three years from the date the Complaint was filed.

In *Silverman v. Chicago Ramada Inn, Inc.*, 63 Ill.App.2d 96, 211 N.E.2d 596 (1965), the Illinois Appellate Court was confronted by a similar dispute. The court noted that the three-year limitations period of the Illinois Securities Law governed the plaintiffs' claim for sale of an unregistered security. Defendants asserted that this period ran from "the date of the agreement to buy the securities and the first payment in March 1959." Plaintiff responded that the period did not begin "until the last payment was made and the securities delivered in October 1959." 63 Ill.App.2d at 99, 211 N.E.2d at 598. The *Silverman* court resolved the dispute by first examining the legislative intent behind enacting the legislation in question—"to shield its citizens from unscroupulous stock promoters." *Id.* The appellate court also noted the broad definition of "sale" contained in the law, finding "[i]ts obvious purpose ... to exclude nothing that could possibly be regarded as a sale." 63 Ill.App.2d at 100–101, 211 N.E.2d at 599. On these grounds, the *Silverman* court ruled that all parts of

a sales transaction, from offer to title transfer, are actionable. The purchaser has three years to assert a claim "not only from the date the right first accrues, but from the date the sale is completed by the acquisition of legal title to the securities purchased." 63 Ill.App.2d at 101–102, 211 N.E.2d at 599. *See also Parrent v. Midwest Rug Mills, Inc.*, 455 F.2d 123, 128 (7th Cir.1972) (§ 10(b) of the 1934 Act).

 This court accepts as true all well pled facts. In the instant case, the Complaint states that the sale concluded on September 1, 1983. Complaint ¶ 27. This court finds logical and compelling the holding and rationale enunciated by the *Silverman* court. This court applies a liberal interpretation of the term "sale" so that the general public is protected from deceit and fraud in the sale of securities. Consequently, this court holds that the limitation period began running on September 1, 1983 when the sale was completed. The filing of the Complaint was within the statutory limitation period.

Accordingly, this court denies defendants' motion to dismiss.

IT IS SO ORDERED.